UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RODRIGUEZ,<br><br>             Petitioner,<br><br>       v.<br><br>MIKE MCDONALD, WARDEN,<br><br>             Respondent. | ) CASE NO. CV 11-5360-AG (PJW)<br>)<br>) ORDER TO SHOW CAUSE WHY PETITION<br>) SHOULD NOT BE DISMISSED<br>)<br>)<br>)<br>)<br>)<br>) |

On June 28, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 2009 state conviction and sentence. (Petition at 2.) In the Petition, he claims that he received ineffective assistance at trial because defense counsel failed to investigate an alleged juvenile adjudication before advising Petitioner to admit it as a prior "strike" conviction. (Petition at 5 (attached pages).)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas

petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

In his Petition, Petitioner states that he did not file a petition for review in the California Supreme Court.  (Petition at 3.)  He alleges that he has raised his ineffective assistance claim in a habeas corpus petition filed in Los Angeles County Superior Court on June 1, 2011.  (Petition at 3-4, 7-8.)  Furthermore, though Petitioner checked a box indicating that he has also raised this claim in a habeas corpus petition in the California Supreme Court, (Petition at 5), this appears to have been in error, since there is no other indication that Petitioner has filed a petition in that court.  Indeed, a check of the state appellate court website, at http://appellatecases.courtinfo.ca.gov, confirms that he has not presented this claim in a habeas petition in the California Supreme Court.  Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Petitioner must first present his claim (and any other claims he may have) to the state supreme court and have that court decide them on their merits before he can proceed in this Court.

1  IT IS THEREFORE ORDERED that, no later than July 28, 2011,
2 Petitioner shall inform the Court in writing why this case should not
3 be dismissed for failure to exhaust.  Failure to timely file a
4 response will result in a recommendation that this case be dismissed
5 without prejudice to refiling once he has exhausted his claims.
6  DATED: June 29, 2011

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\RODRIGUEZ, M 5360\OSC dismiss pet.wpd

3